Davidson *vs.* Lawrence.

---

JOHN S. DAVIDSON, administrator, plaintiff in error, *vs.* NEW-BOLD LAWRENCE, assignee, defendant in error.

Where a grantee in a deed, executed in 1849, absolute on its face, but the grantor remaining in possession of the property, filed a bill in 1871 against the administrator of the grantor, alleging that there was a parol trust attached to the contract under which the deed was made, to-wit: that it was a transfer of the property in trust for the payment of a debt due the grantee and others by account, and the prayer of the bill was for a decree that the land should be sold and so appropriated :

*Held,* That under the allegations in the bill and the proof at the hearing, complainant was not entitled to any greater rights than a mortgagee would have where the mortgagor remained in possession, or than if

the debt had been by a security under seal: and he is barred by the Act of March 16, 1869, in accordance with the decision made during the present term in the case of *John George vs. James Gardner.*

Statute of limitations. Trust. Debtor and creditor. Before Judge GIBSON. Richmond Superior Court. October Term, 1872.

Lawrence filed his bill against Davidson, administrator of Francis C. Taylor, deceased, making substantially the following case:

Taylor was in the year 1848 indebted to complainant, to one Norman Dart, since deceased, and to others, in large sums of money. To provide for the payment of this indebtedness, on October 25th, 1849, he conveyed to complainant and said Dart, as assignees, for the benefit of his creditors, three lots, with the improvements thereon, situate in the city of Augusta. There are still debts outstanding against said Taylor, to secure the payment of which said conveyance was made. Norman Dart having departed this life, the title to said property is in complainant, as surviving assignee. Complainant and his co-assignee, during his life, being both residents of the city of New York, were unable to give their personal attention to the supervision of said property, and constituted said Taylor as their agent for that purpose. He rented said lots, collected the rents and paid the taxes thereon.

Taylor died in November, 1869. The defendant qualified as his administrator eighteen months before the bill was filed, and as such has taken possession of said lots, claiming them as a part of the estate of his intestate. Claimant has repeatedly sought to obtain possession of said lots for the purpose of selling them and paying off the debts aforesaid, but has been hitherto prevented by said defendant.

Prayer, that the defendant may be compelled to answer the charges herein made; that an account may be taken of the rents received by Taylor during his life and by the defendant since his death; that some proper person may be appointed to take possession of said property, with authority to sell the same, and that the writ of subpœna may issue.

Davidson *vs.* Lawrence.

The defendant acknowledged service of the bill on May 12th, 1871, and consented to the appointment of a receiver as prayed for. On August 10th, 1871, William Davidson was appointed receiver, with authority to sell, etc. The bill was filed in office on August 18th, 1871.

The defendant, by his answer, denied any knowledge of any of the matters set up in complainant's bill; denied that complainant ever made any efforts to obtain possession of said property until the first part of the year 1871. He pleaded generally the statute of limitations, and specially the Act of March 16th, 1869.

The complainant made' out, by proof, the case stated in his bill. It also appeared from the evidence that Taylor expected to receive the surplus of the proceeds of said property after payment of said debts. The deed under which he claimed was as follows:

" STATE OF GEORGIA—RICHMOND COUNTY:

"This indenture, made the 25th day of October, in the year of our Lord 1849, between Francis C. Taylor, of the one part, and Norman Dart and Newbold Lawrence, of the State of New York, assignees, of the other part: Witnesseth, that the said Francis C. Taylor, for and in consideration of the sum of $1,200 00 to him in hand well and truly paid, by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, released, conveyed and confirmed, and by these presents doth grant, bargain, sell, release, convey and confirm unto the said Norman Dart and Newbold Lawrence, assignees, their heirs and assigns, all those three lots or parcels of land situate and lying, and being in the upper part of the city of Augusta, county of Richmond, and State of Georgia, bounded on the north by Broad street, on the South by Ellis street, on the east by a lot of land now or formerly owned by Henry B. Holcombe, west by a lot of land belonging to Edward Thomas, each of said lots or parcels of land containing a front on said Broad street of forty feet, more

or less. Together with all and singular the rights, members and appurtenances thereof whatsoever to the said lots or parcels of land, being, belonging or in any wise appertaining, and the remainders, reversions, rents, issues and rights thereof, and every part thereof: To have and to hold the said lots or parcels of land, and all and singular the premises, and appurtenances thereunto belonging, as aforesaid, and every part thereof unto the said Norman Dart and Newbold Lawrence, their heirs and assigns forever, and the said Francis C. Taylor and his heirs, the said lots or parcels of land and premises aforesaid, and every part thereof, unto the said Noman Dart and Newbold Lawrence, their heirs and assigns, against himself, the said Francis C. Taylor, and his heirs, and all and every other person and persons whomsoever, shall and will warrant and forever defend by these presents.

" In witness whereof the said Francis C. Taylor hereunto set his hand and seal the day and year first above written.

  (Signed)  " FRANCIS C. TAYLOR, [L. S.]

" Sealed and delivered in the presence of
  (Signed)  " ROBERT PHILIP,
      " RICHARD ALLEN, J. P."

There was also evidence to show that other property had been conveyed to the same grantees by Taylor for the same purpose, or in payment of his debts, and that this property had been lost both to the creditors and Taylor. It did not appear by whose fault it had failed to be productive, but that Taylor had claimed before his death that the debts were paid and a balance due him. The debts were in account, and created in 1848.

The jury returned a verdict for the defendant. The complainant moved for a new trial upon the following grounds :

1st. Because the Court erred in charging the jury, " that if the debts, to secure which the conveyance in question was made, were barred, the land reverted to the grantor."

2d. Because the Court erred in refusing to charge, " that the title of the grantee could not be divested by proof, that

Davidson *vs.* Lawrence.

the balance of the debts, to secure which the conveyance was made, were barred, it appearing at the same time that the debts had never been wholly paid off."

2d. Because the verdict was contrary to the law and the evidence.

The Court granted the new trial, holding that the conveyance was made as payment and was so accepted by the creditors at the time, with privilege of redemption. To this ruling the defendant excepted, and now assigns the same as error.

JOHN S. DAVIDSON ; JOHN T. SHEWMAKE, for plaintiff in error.

BARNES & CUMMING, for defendant.

TRIPPE, Judge.

The complainant, as the surviving grantee in a deed executed in 1849, and absolute on its face, seeks to engraft a parol trust thereon to him and his deceased co-grantee, to-wit : that it was made for the purpose of the property therein mentioned being applied to the payment of debts existing in account and contracted in 1848, and due to the grantees, severally, and divers other parties. There is no reference in the deed to any debts, nor indeed was there any satisfactory evidence what debts were intended to be secured. After the lapse of twenty-two years, and after the death of the alleged debtor, complainant asks to be allowed to set up the parol trust, and to enforce the collection of the debts that would be more than three times barred by the statute of limitation, unless they can be saved by the course he seeks to adopt. Prior to the Act of 1856, a verbal promise to pay a debt would take it out of the statute, or give a new point of time from which the statute would commence running. Since the passage of that Act a new promise to have that effect must be in writing. If there was no such written promise in this case these debts must have been barred, taking the most favorable view for complainant, in 1860. This is supposing that

verbal promises had been made up to the latest date that they could have been effective. Certainly they would have been barred when the suit was instituted by the Act of March 16th, 1869. Now is there any written acknowledgment of these debts at any time, as subsisting debts, from which a promise to pay could even be inferred? The record discloses none. The letter of Taylor, the intestate, does not admit them as subsisting debts, but it sets up, substantially, not only that they are paid but that there is an overplus of the property which discharged them, which rightfully should be his. Had the deed specified the debts, and provided for their payment, it might be that it would have given them the character of obligations or debts under seal. But, as stated, there is no reference to them in the deed, and no proof of any written acknowledgment of them. It would be manifestly against all legal principle to permit the parol trust to be proven by parol evidence, and then to hold that such testimony gave to simple contract debts existing in account, the *status* of specialties.

Under this view there could have been no legal liability on Taylor's estate for these claims in 1871, which could have been enforced, independent of the Act of 1869. But whether that position be correct or not, we do not think that the allegations in the bill and the proof at the hearing entitle the complainant to any greater rights than a mortgagee would have, or than if the debts had been securities under seal. Twenty years will bar the right of action on instruments under seal, and the right of a mortgagee to foreclose. So, if the mortgagee receives possession of the mortgaged property under the mortgage, twenty years will bar the mortgagor's right to redeem, although the former, in such instances, is usually called a trustee for the latter: *Morgan vs. Morgan et al.*, 10 *Georgia*, 300; 3 Johns. Ch. R., 129; 3 Atk., 313. We do not see from the facts in the record why the creditors in this case should have superior rights to a mortgagee to foreclose, or to a mortgagor to redeem. The mortgagee and this complainant both would sustain the relation of a creditor to the party against whom they may severally pro-

ceed, and the object of each suit would be the same, to collect a debt. Why should not the presumption of the law as to payment, or the repose intended to be secured by the statute, enure to the benefit of the alleged debtor in the one case as well as in the other? We think this can be done, and that it does no violence to the rule, that the statute of limitation does not apply to a direct subsisting trust, a rule that denies the right to a trustee to set up the statute against his *cestui que trust.* Though the debts attempted to be enforced by complainant, had they been secured by instruments under seal, or by mortgage, might not be barred by the lapse of twenty years, in view of the different Acts suspending the statute of limitation, yet, according to the decisions made during the present term, in the cases of *John George vs. James Gardner,* and *Moravian Seminary vs. W. H. Atwood, administrator,* we hold that even had they been of that character, the Act of March 16th, 1869, would bar complainant's right of recovery.

The verdict of the jury having been rendered in favor of defendant, the judgment granting a new trial is reversed.